TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

BENG KHOON LOO a/k/a David Loo,
*on behalf of themselves and others similarly situated,*
                                              Plaintiff,

                        v.

I.M.E. RESTAURANT INC.
            d/b/a Pho Vietnamese Restaurant;
PHO 92 RESTAURANT, INC.
            d/b/a Pho Vietnamese Restaurant;
TAI VIEM MA;
CHAU XAO MA;
IRENE MA;
DAVID MA;
MICHAEL MA;
RICHARD MA;
ALEX SETO;
ANDY SHE,
                                              Defendants.

-------------------------------------------------------------------x

**Case No. 17-cv-2558**

**29 U.S.C. § 216(b) COLLECTIVE ACTION AND FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

 

 

        Plaintiff BENG KHOON LOO a/k/a David Loo, (hereinafter referred to as "Plaintiff"),

on behalf of himself and others similarly situated, by and through his attorneys, Troy Law,

PLLC, hereby bring this complaint against Defendants I.M.E. RESTAURANT INC. d/b/a Pho

Vietnamese Restaurant; PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant; TAI

VIEM MA; CHAU XAO MA; IRENE MA; DAVID MA; MICHAEL MA; ALEX SETO;

RICHARD MA; and ANDY SHE (hereinafter referred to as "Defendants").

# <u>INTRODUCTION</u>

1.       This action is brought by Plaintiff, on behalf of himself as well as other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law ("NYLL") N.Y. C.L.S. Labor and implementing New York Codes, Rules, and Regulations ("NYCRR"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.       Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, minimum wage for each hour worked, overtime for all hours worked in excess of forty (40) in each workweek, and spread-of-hours for all hours worked in excess of ten (10) in each workday.

3.       Defendants willfully failed to turn over to the Pho Vietnamese Restaurant wait staff, including Plaintiff, the entire portion of their rightfully earned tips by allocating wait staff tips to cover non-paying customers' bills, in contravention of 29 U.S.C. §203(m) and (t), NYLL §§ 146-2.18 and 146-2.20.

4.       Defendants willfully failed to record all of the time that Plaintiff and similarly situated employees work or worked, including time worked in excess of forty (40) hours per week and ten (10) hours per day.

5.       Defendants additionally violated the uniform maintenance pay requirements of the New York State Hospitality Industry Wage Order 12 NYCRR § 146-1.7.

6.       Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime, (3) the full portion of the tips illegally retained by

Defendants, (4) liquidated damages; (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

7.     Plaintiff further alleges pursuant to the NYLL N.Y. C.L.S. Labor § 650 *et seq.* and NYCRR 12 N.Y.C.R.R. § 146 that he is entitled to recover from the Defendants: (1) unpaid wages,, (2) unpaid overtime; (3) the full portion of the tips illegally retained by Defendants, (4) unpaid spread-of-hours; (5) liquidated damages equal to one hundred percent (100%) of the sum of unpaid minimum wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (6) uniform maintenance pay pursuant to the Hospitality Industry Wage Order 12 NYCRR § 146-1.7 (7) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday; (7) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that accurately and truthfully listed each employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from the employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day; (8) nine percent (9%) simple prejudgment interest as provided by the New York Civil Practice Law and Rules ("CPLR") N.Y.C.P.L.R. § 5004, (9) post-judgment interest, and (10) attorneys' fees and costs.

## JURISDICTION AND VENUE

8.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

9.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

10.     Plaintiff BENG KHOON LOO a/k/a David Loo ("LOO") was employed by I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant located at 38-02 Prince Street, Flushing, NY 11354 as a server.

## DEFENDANTS

### *Corporate Defendants*

11.     Defendant I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-02 Prince Street, Flushing, NY 11354.

12.     I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

13.     I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant purchased and handled goods moved in interstate commerce.

14.     Defendant PHO 92 RESTAURANT, INC d/b/a Pho Vietnamese Restaurant is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-02 Prince Street, Flushing, NY 11354.

15.     PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

16.     PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant purchased and handled goods moved in interstate commerce.

17.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Corporate Defendants doing business as Pho Vietnamese Restaurant.

***Individual Defendants***

18.     The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law. N.Y. C.L.S. BSC § 630(a).

19.     TAI VIEM MA, known as "Mister" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

20.     TAI VIEM MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

21.     CHAU XAO MA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at I.M.E. RESTAURANT

INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

22. CHAU XAO MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

23. IRENE MA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

24. IRENE MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

25. DAVID MA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

26.     DAVID MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

27.     MICHAEL MA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

28.     MICHAEL MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

29.     RICHARD MA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

30.     RICHARD MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with

I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

31.     ALEX SETO (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

32.     ALEX SETO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

33.     ANDY SHE (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

34.     ANDY SHE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant.

35.     Plaintiff have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

***Corporate Defendants I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant are successor employers; in the alternative, they are joint employers***

36.     Corporate Defendants I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; and PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

37.     Both corporations do business as Pho Vietnamese Restaurant, at the same location, in the same name, and are owned by the same Defendants.

38.     In the alternative, they are joint employers, indistinguishable from one another, in its business practices, business goals, employees hired and paid.

39.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective, and the Class.

40.     Pursuant to 12 N.Y.C.R.R. § 146-2.2 and 29 U.S.C. § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of tip credit.

41.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

42.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

43.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawful overtime of one and one half time (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

44.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawful spread of hours for each working day of Plaintiffs and similarly situated employees that lasted longer than ten (10) hours.

45.     At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiffs' hours worked and wages paid.

46.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

47.     At all relevant times, when a customer left the restaurant without paying, Defendants would use servers' tips from previous customers to cover the bill.

48.     At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiffs and similarly situated employees notice that they were claiming tip credit towards Plaintiffs' and similarly situated employees' minimum wage.

49.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notices reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

50.     Defendants knew that the nonpayment of the minimum wage, that the nonpayment of overtime, and the nonpayment of New York's spread of hours would financially injure Plaintiffs and similarly situated employees, and violate state and federal laws.

51.     At all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

52.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective, and the Class.

53.     Pursuant to 12 N.Y.C.R.R. § 146-2.2 and 29 U.S.C. § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of tip credit.

54.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

55.     While employed by Defendants, Plaintiff were not exempt under federal and state laws requiring employers to pay employees overtime.

56.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime of one and one half time (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

57.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful spread of hours for each working day of Plaintiff and similarly situated employees that lasted longer than ten (10) hours.

58.     At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

59.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

60.     At all relevant times, when a customer left the restaurant without paying, Defendants would use servers' tips from previous customers to cover the bill.

61.     At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiff and similarly situated employees notice that they were claiming tip credit towards Plaintiff's and similarly situated employees' minimum wage.

62.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notices reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

63.     Defendants knew that the nonpayment of the minimum wage, that the nonpayment of overtime, and the nonpayment of New York's spread of hours would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

64.     At all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

65.     Upon information and belief, Defendants maintained a policy applicable to the whole wait staff, including Plaintiff, that employees were to wear a clean uniform each day.

66.     While Defendants required Plaintiff and other employees to wear a clean uniform every day, they did not clean, launder, or provide maintenance services for the uniform.

67.     Defendants did not provide Plaintiff and other employees with uniforms, but required

employees to purchase uniforms themselves.

68.     As a consequence of Defendants' policies, Plaintiff and other employees had to clean their uniform several times a week, after each shift. Such uniform cleanings often must and do occur separate from the cleaning of personal and family clothes, as Plaintiff and other employees must perform additional hand cleanings or launderings to ensure their uniform is clean for every shift.

69.     Defendants do not allow Plaintiff or other employees to launder or press their uniforms at work while clocked in.

70.     Plaintiff and other employees therefore must routinely spend time off the clock and/or money to clean and maintain their uniform consistent with the uniform and appearance standards of Defendants.

71.     Defendants did not provide Plaintiff and other employees any method to report time they work at home or otherwise off the clock, and did not compensate Plaintiff or other employees for such time.

72.     Defendants' policy and practice is not to pay Plaintiff and other employees any uniform maintenance pay or reimbursement for the cost of maintaining uniforms, and it has failed and continues to fail to provide such pay.

73.     Plaintiff and other employees clean and wear their uniform for Defendants' benefit and because Defendants require them to do so as a condition of employment.

74.     Defendants knew that failing to launder Plaintiff's uniform would financially injure Plaintiff and similarly-situated employees, and violate state laws.

***Plaintiff BENG KHOON LOO a/k/a David Loo***

75.     From on or about January 1, 2008, to April 10, 2016, Plaintiff BENG KHOON LOO

a/k/a David Loo worked for I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant and

PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant located at 38-02 Prince Street,

Flushing, NY 11354 as a server.

76.     Plaintiff LOO was not given any written notice regarding his schedule or pay rate to read,

or any employment agreement to sign, before beginning his employment.

77.     From on or about January 1, 2008 to April 10, 2016, Plaintiff LOO's regular work

schedule ran from 12:00 pm to 11:30 pm, eleven and one-half (11.5) hours per day, Thursdays

through Tuesdays.

78.     Altogether, from on or about January 1, 2008 to April 10, 2016, Plaintiff LOO worked

approximately sixty-nine (69) hours per week.

79.     During the course of his employment, Plaintiff LOO was not given regular meal breaks.

Plaintiff LOO ate two meals when he could during the day, taking as little as ten (10) minutes

and never more than twenty (20) minutes to eat. If customers needed service while Plaintiff LOO

was taking his meal break, he would be required to cut his break short.

80.     During the course of his employment, Plaintiff LOO was not informed of his hourly pay

rate.

81.     At all relevant times, Plaintiff LOO was paid at a flat rate of three hundred dollars

($300.00) on the first and sixteenth day of each month.

82.     During the course of his employment, Plaintiff LOO was not given a receipt or pay stub

with his payment.

83.     During the course of his employment, Defendants willfully failed to keep records of

Plaintiff LOO's hours worked.

84. During the course of his employment, Plaintiff LOO was not paid at least one and one-half (1.5x) the minimum wage or his calculated hourly wage, whichever was greater, for hours worked in excess of forty (40) per week.

85. During the course of his employment, Plaintiff LOO was not paid New York's spread of hours premium for workdays that began and ended more than ten (10) hours apart.

86. During the course of his employment, Plaintiff LOO was not informed of any tip credits taken toward the minimum wage.

87. During the course of his employment, Defendants willfully failed to keep records of tips Plaintiff LOO received.

## COLLECTIVE ACTION ALLEGATIONS

88. Plaintiff bring this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) per week (the "Collective Action Members.")

## CLASS ACTION ALLEGATIONS

89. Plaintiff brings his NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

90. All said persons, including Plaintiff, are referred to herein as the "Class."

91. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the

positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

92.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than eleven (11) members of the Class.

*Commonality*

93.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant employed Plaintiff and the Class members within the meaning of the NYLL;

b.      Whether Plaintiff and the Class members were entitled to and paid minimum wage under the NYLL;

c.      Whether Plaintiff and the Class members were entitled to and paid overtime under the NYLL;

d.      Whether Defendants maintained a policy, pattern, and/or practice of failing to pay Plaintiff and the Class members spread of hours pay as required by the NYLL and NYCRR;

e.     Whether Defendants maintained a policy, pattern, and/or practice of failing to provide requisite statutory meal periods;

f.     Whether Defendants maintained a policy, pattern and/or practice of misallocating tips;

g.     Whether Defendants required putative class members to wear a clean uniform while on duty;

h.     Whether Defendants cleaned or provided laundering services for the uniform it required putative class members to wear while on duty;

i.     Whether putative class members were effectively required by Defendants to clean their uniforms or cause them to be cleaned;

j.     Whether Defendants paid putative class members any amount to reimburse them for their time expended and/or costs incurred in the cleaning and maintenance of their uniforms;

k.     Whether Defendants paid putative class members uniform maintenance pay in the amounts set forth in 12 NYCRR § 146-1.7.

l.     Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Class members' employment, or timely thereafter;

m.     Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiff and the Class members each payday; and

n.     At what common rate, or rates subject to a common method of calculation were and are Defendants required to pay the Class members for their work.

***Typicality***

94.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate policies of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

95.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage-and-hour employment litigation cases.

*Superiority*

96.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common class-wide relief. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

97.     Upon information and belief, Defendants and other employers throughout the state of New York violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Nonpayment of Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

98.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly-situated Collective Action Members, for some or all of the hours they worked.

100.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional amount as liquidated damages.

101.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and the Collective Action Members at the statutory minimum wage when they knew or should have known that such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

### COUNT II.
**[Violations of the New York Labor Law—Nonpayment of Minimum Wage**
**Brought on behalf of the Plaintiff and the Rule 23 Class]**

102.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

103.    At all relevant times, Plaintiff were employed by Defendants within the meaning of NYLL N.Y. C.L.S. Labor §§ 2 and 651.

104.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Class for some or all of the hours they worked.

105.    Defendants knowingly and willfully violated Plaintiff's and similarly-situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

106.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Nonpayment of Overtime
### Brought on behalf of the Plaintiff and the FLSA Collective]

107.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

108.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for such employment at a rate not less than one and one half times (1.5x) the regular rate at which he is employed, or one and one half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

109.    Defendants' failure to pay Plaintiff and the FLSA Collective overtime violated the FLSA.

110.    At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime at the statutory rate to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

111.    The FLSA and supporting regulations require employers to notify employees of the requirements of the employment law. 29 C.F.R. § 516.4.

112.    Defendants willfully failed to notify Plaintiff and the FLSA Collective of the requirements of their employment laws in order to facilitate their exploitation of Plaintiff's and the FLSA Collective Members' labor.

113.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known that failing to do so would financially injure Plaintiff and the Collective.

## COUNT IV.
### [Violations of the New York Labor Law—Nonpayment of Overtime
### Brought on behalf of the Plaintiff and the Rule 23 Class]

114.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

115.     After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

116.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one half times (1.5x) Plaintiff's and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

117.     Defendants' failure to pay overtime violated the NYLL.

118.     Defendants' failure to pay overtime was not in good faith.

## COUNT V.
### [Violations of the New York Labor Law—Nonpayment of Spread of Hours
### Brought on behalf of the Plaintiff and the Rule 23 Class]

119.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

120.     12 N.Y.C.R.R. § 146-1.6 requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten (10) hours from the start to the end of the workday, inclusive of any breaks.

121.     At all relevant times, Defendants had a policy and practice of refusing to pay spread of hours.

122.     Defendants' failure to pay Plaintiff and the Class Members spread of hour pay was not in good faith.

## COUNT VI.
### [Violations of the Fair Labor Standards Act—Unlawful Retention of Tips
Brought on behalf of the Plaintiff and the FLSA Collective]

123.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

124.    A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit.

125.    The FLSA prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer.

126.    Retaining portions of the tips from Pho Vietnamese Restaurant wait staff to cover the bills of non-paying customers is prohibited under the FLSA.

## COUNT VII.
### [Violations of the New York Labor Law—Unlawful Retention of Tips
Brought on behalf of the Plaintiff and the Rule 23 Class]

127.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

128.    Section 196-d of the New York State Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

129.    A charge purported to be a gratuity must be distributed in full as gratuities to the service employees or food service workers who provided the service.

130.    § 146-2.18 provides that there shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for "service" or "food service," is a charge purported to be a gratuity.

131.    Retaining portions of the tips from Pho Vietnamese Restaurant wait staff to cover the

bills of non-paying customers is prohibited under the NYLL.

## COUNT VIII.
### [Violations of the New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of the Plaintiff and the Rule 23 Class]

132.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

133.     The NYLL requires that employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11:00 am to 2:00 pm; an additional meal period between 5:00 pm and 7:00 pm of at least twenty (20) minutes for employees whose shifts started before 11:00 am and continue later than 7:00 pm; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six (6) hours and starts between 1:00 pm and 6:00 am. N.Y. C.L.S. Labor § 162.

134.     Defendants failed to provide meal periods required by NYLL for every day that Plaintiff and the Class Members worked.

135.     Though the Department of Labor Commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

136.     Defendants' failure to provide the meal periods required by NYLL was not in good faith.

## COUNT IX.
### [Violation of New York Codes, Rules, and Regulations—Uniform Maintenance
### Brought on behalf of Plaintiff and Rule 23 Class]

137.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

138.     12 NYCRR § 146-1.7 applies to Defendants, as for-profit employers in the hospitality industry, and establishes payment floors to protect Plaintiff and all Class Members.

139.    Defendants have and continue to require Plaintiff and Class Members to purchase and maintain their uniforms at their own expense, in violation of the uniform maintenance pay provision of the Hospitality Industry Wage Order 12 NYCRR § 146-1.7.

140.    Defendants' failure to pay Plaintiff and Class Members uniform maintenance pay required by 12 NYCRR § 146-1.7, notwithstanding Defendants' clear failure to satisfy any exceptions to the requirement to provide such pay under the regulation, was and is not in good faith within the meaning of NYLL § 663.

## COUNT X.
### [Violations of the New York Labor Law—Failure to Keep Records
### Brought on behalf of the Plaintiff and the Rule 23 Class]

141.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

142.    Defendants willfully failed to maintain, establish, and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by 12 N.Y.C.R.R. § 146-2.1.

143.    As a result of Defendants' unlawful conduct, Plaintiff have sustained damages including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fees, pursuant to state law.

144.    Upon information and belief, Defendants failed to maintain adequate written records of actual hours worked and wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

145.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and wages earned by Plaintiff was not in good faith.

## COUNT XI.
### [Violations of the New York Labor Law—Failure to Provide Time of Hire Wage Notice
### Brought on behalf of the Plaintiff and the Rule 23 Class]

146.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

147.    NYLL requires employers to provide written notice of: the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances clamed, if any, as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. N.Y. C.L.S. Labor § 195-1(a).

148.    Defendants willfully failed to provide notice to employees in violation of NYLL, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle, and rate of overtime on his or her first day of employment.

149.    Defendants not only did not provide notice to each employee at time of hire, but failed to provide notice even after the fact.

150.    Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, fifty dollars ($50.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to N.Y. C.L.S. § 198(1-b).

**COUNT XII.**
**[Violations of the New York Labor Law—Failure to Provide Pay Stub**
**Brought on behalf of the Plaintiff and the Rule 23 Class]**

151.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

152.     NYLL requires employers to provide detailed paystub information to employees every payday. N.Y. C.L.S. Labor § 195-1(d).

153.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to the compensation of each Plaintiff, and did not provide paystubs on or after each Plaintiff's payday.

154.     Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, two hundred fifty dollars ($250.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to N.Y. C.L.S. § 198(1-b).

## COUNT XIII.
**[Violations of the Internal Revenue Code—Fraudulent Filing of IRS Returns
Brought on behalf of the Plaintiff]**

155.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

156.     26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bright a civil action for damages against the person so filing such a return.

157.     Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorney's fees.

## COUNT XIV.
**[Violations of the New York General Business Law—Deceptive Acts and Practices
Brought on behalf of the Plaintiff]**

158. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

159. New York's General Business Law ("NYGBL") N.Y. C.L.S. General Business § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

160. Due to Defendants' violations of NYGBL, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50.00), whichever is greater.

161. Plaintiff demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Corporate Defendant to recover wages owed as employees of the Corporate Defendant.

## PRAYER FOR RELIEF

162. WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

    a. Certification of this case as a collective action pursuant to FLSA;

    b. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action members;

c.      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

d.      An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e.      An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours, and misappropriated tips due to Plaintiffs and the Collective under FLSA, and to Plaintiffs and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages under the New York Wage Theft Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f.      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice detailing rates of pay and payday;

g.      Up to five thousand dollars ($5,000.00) per Plaintiff Defendants' failure to provide paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

h.      An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

i.      An award of prejudgment and post-judgment interest;

j.      Providing that if any amounts remain unpaid upon the expiration of ninety (90)

days following the issuance of judgment, or ninety (90) days after expiration of the time

to appeal with no appeal then pending, whichever is later, the total amount of judgment

shall automatically increase by fifteen percent (15%), as required by NYLL N.Y. C.L.S.

Labor § 198(4).

k.      Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.


Dated: April 28, 2017                        TROY LAW, PLLC
        Flushing, NY                         *Attorneys for the Plaintiff, proposed FLSA*
                                             *Collective and potential Rule 23 Class*


                                             /s/ John Troy
                                             John Troy (JT 0481)
                                             41-25 Kissena Boulevard, Suite 119
                                             Flushing, NY 11355
                                             Tel (718) 762-1324
                                             johntroy@troypllc.com