UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BENG KHOON LOO a/k/a David Loo, on
behalf of themselves and others similarly situated,     Civil Action No.:
                                                        17-cv-2558
                Plaintiff,

     vs.

I.M.E. RESTAURANT INC. d/b/a
Pho Vietnamese Restaurant;
PHO 92 RESTAURANT, INC. d/b/a
Pho Vietnamese Restaurant; TAI VIEM MA;
CHAU XAO MA; IRENE MA; DAVID MA;
MICHAEL MA; RICHARD MA; ALEX SETO;
ANDY SHE,

                Defendants.
----------------------------------------------------------x

## AFFADAVIT OF TAI VIEM MA IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AGAINST DEFENDANT CHAU XAO MA

Tai Viem Ma, being duly sworn, deposes and says:

1. I am the Defendant in the above entitled action and as such, I am fully familiar with the relevant facts and circumstances.

2. I respectfully submit this affidavit in support of Defendants' motion for summary judgment to dismiss the Complaint against Defendants I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant; TAI VIEM MA.

3. I was the owner of Pho Vietnamese Restaurant (the "Restaurant") until it closed down on or about September 2017.

4. I was the sole owner and manager of the Restaurant.

5. The Restaurant was only about a few hundred square feet, and it had only a few dining tables. The average price per food item on the menu was less than $12.

6. In fact, business at the Restaurant was so poor that its sales often could not cover its expenses.

7. Most of the time when the Restaurant was still in business, there was only one server working at the Restaurant at any given time.

8. I made all the business decisions, including the purchase of food supply at the Restaurant.

9. I personally handled the finances and the accounting of the Restaurant and knew the gross sales figures of every year.

10. Plaintiffs were not involved with the handling of the Restaurant's finances and its accounting. But, they were aware that business of the Restaurant was not good.

11. In order to have gross sales of $500,000 per year, the Restaurant has to make more than $1,500 on a daily basis. However, most of the time the daily sales of the Restaurant was not even half of that amount.

12. The gross sales of the Restaurant for the year of 2009 to 2015 is as follows:

|  | Gross Receipt or sale |
|---|---|
| 2009 | $ 114,211.00 (Exhibit A) |
| 2010 | $ 165,854.00 (Exhibit B) |
| 2011 | $ 190,810.00 (Exhibit C) |
| 2012 | $ 207,502.00 (Exhibit D) |
| 2013 | $ 229,069.00 (Exhibit E) |
| 2014 | $ 240,026.00 (Exhibit F) |
| 2015 | $ 231,133.00 (Exhibit G) |

13. As demonstrated above, the gross sales of the Restaurant was never above $500,000.

**WHEREFORE**, I respectfully request the Court to grant the Defendants' motion for summary judgment dismissing the Complaint against Defendants; and for such other and further relief as this Court deems just and proper.

Dated:   Queens, New York

December 13, 2018

_____

TAI VIEM MA

Sworn to before me this

The 13th day of December 2018

_____

Notary Public

XUE JING HUANG
Notary Public - State of New York
No. 02HU6357821
Qualified in Queens County
Commission Expires 04/24/2021