UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
BENG KHOON LOO a/k/a David Loo, on
behalf of themselves and others similarly situated,         Civil Action No.:
                                                            17-cv-2558
              Plaintiff,

   vs.

I.M.E. RESTAURANT INC. d/b/a                                **DEFENDANTS' RULE 56.1**
Pho Vietnamese Restaurant;                                  **STATEMENT OF MATERIAL FACTS**
PHO 92 RESTAURANT, INC. d/b/a
Pho Vietnamese Restaurant; TAI VIEM MA;
CHAU XAO MA; IRENE MA; DAVID MA;
MICHAEL MA; RICHARD MA; ALEX SETO;
ANDY SHE,

              Defendants.
---------------------------------------------------------x

Pursuant to Local Rule 56.1, Defendants I.M.E. RESTAURANT INC. d/b/a Pho Vietnamese Restaurant; PHO 92 RESTAURANT, INC. d/b/a Pho Vietnamese Restaurant; and TAI VIEM MA submit this statement of material facts as to which Defendants contend there are no genuine issues of material fact in dispute.

1. Defendant Ma was the owner of Pho Vietnamese Restaurant (the "Restaurant") until it closed down on or about September 2017. (Tai Aff. ¶ 3)

2. Defendant Ma was the sole owner and manager of the Restaurant. (Tai Aff. ¶ 4)

3. The Restaurant was only about a few hundred square feet, and it had only a few dining tables. The average price per food item on the menu was less than $12. (Tai Aff. ¶ 5)

4. Business at the Restaurant was so poor that its sales often could not cover its expenses. (Tai Aff. ¶ 6)

5. Most of the time when the Restaurant was still in business, there was only one server working at the Restaurant at any given time. (Tai Aff. ¶ 7)

6.  Mr. Ma made all the business decisions, including the purchase of food supply at the Restaurant. (Tai Aff. ¶ 8)

7.  Mr. Ma personally handled the finances and the accounting of the Restaurant and knew the gross sales figures of every year. (Tai Aff. ¶ 9)

8.  Plaintiffs were not involved with the handling of the Restaurant's finances and its accounting. But, they were aware that business of the Restaurant was not good. (Tai Aff. ¶ 10)

9.  The gross sales of the Restaurant for the year of 2009 to 2015 is as follows:

|  | Gross Receipt or sale |
|---|---|
| 2009 | $ 114,211.00  (Exhibit A) |
| 2010 | $ 165,854.00  (Exhibit B) |
| 2011 | $ 190,810.00  (Exhibit C) |
| 2012 | $ 207,502.00  (Exhibit D) |
| 2013 | $ 229,069.00  (Exhibit E) |
| 2014 | $ 240,026.00   (Exhibit F) |
| 2015 | $ 231,133.00   (Exhibit G) |

(Exhibit A to G; Tai Aff. ¶ 11)

Dated: Queens, New York
December 17, 2018

Respectfully submitted,

/s/ Xue Huang
Xue Huang, Esq. [SC-5685]
Huang Law Group, P.C.
38-08 Union Street, Suite 9B
Flushing, New York 11354
(718) 886-5900
xhuang@huanglawgroup.com